UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KAREN HUTCHENSON,

       Plaintiff,

v.                                 CASE NO. 3:10-CV-00818-J-99TJC-JBT

CRACKER BARREL OLD COUNTRY
STORE, INC.,

       Defendant.
_____

HEATHER ELLIS,

       Plaintiff,

v.                                 CASE NO. 3:10-CV-00819-J-99TJC-JBT

CRACKER BARREL OLD COUNTRY
STORE, INC.,

       Defendant.
_____/

## <u>ORDER</u>

**THESE CAUSES** are before the Court on CBOCS Inc.'s Motion to Compel

Plaintiff Hutcheson's [sic] Discovery Responses (Doc. 19) ("Motion to Compel"),

Plaintiff Karen Hutcheson's [sic] Response thereto and Motion for Protective Order

(Doc. 20) ("Motion for Protective Order"), and CBOCS Inc.'s Reply in Support of Its

Motion to Compel (Doc. 23) ("Reply").[1]

_____

[1] On January 19, 2011, the Court took the Motion to Compel and the Motion for Protective Order under advisement.  (Doc. 26.)  The Court will now address their merits.

The Motion to Compel seeks an order: (1) compelling Plaintiff to produce her telephone records (both land line and cellular) for the year 2010 in response to Defendant's November 18, 2010 Request for Production Number 21; and (2) awarding Defendant reasonable attorneys' fees and costs incurred in preparing the Motion to Compel.[2]  (Doc. 19.)  Defendant contends that this request was served in response to Plaintiff's deposition testimony that:

> (1) on at least one occasion, she attempted to telephone a CBOCS investigator who investigated her alleged complaint of discrimination, but the investigator refused to talk to her; and (2) she did not solicit contact with certain Cracker Barrel employees since leaving Cracker Barrel's employment (or, alternatively, that they solicited her).

(*Id.* at 2.)

The Motion for Protective Order, which includes a response to the Motion to Compel, seeks an award of attorneys' fees and costs incurred in preparing the response and a protective order as to Plaintiff's telephone records that are the subject of Defendant's Request for Production Number 21.  (Doc. 20.)

Upon consideration of the circumstances as presented by the parties, the Court finds that the Motion to Compel and the Motion for Protective Order are due to be granted in part and denied in part.  The Motion to Compel will be granted, and the Motion for Protective Order will be denied, to the extent that Plaintiff shall produce her monthly statements for her land line and cellular telephone for the year

---

[2] In its Reply, Defendant renews its request for an award of attorneys' fees and costs.  (Doc. 23.)

2010 as qualified below.  The Motion to Compel will be denied, and the Motion for Protective Order will be granted, to the extent that Plaintiff may redact from her monthly telephone statements any information that does not pertain to any telephone calls made between Plaintiff and any of Defendant's employees or investigator(s). *See ABM Fin. Servs., Inc. v. Express Consolidation, Inc.*, 2008 WL 1776595, at *4 (S.D. Fla. Apr. 17, 2008); *Socas v. Northwestern Mut. Life Ins. Co.*, 2008 WL 619322, at *7-8 (S. D. Fla. Mar. 4, 2008).  To the extent this request seeks information pertaining to calls between Plaintiff and persons who are not employees or investigators of Defendant, it is not "reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Further, both motions will be denied to the extent they seek an award of attorneys' fees and costs.  In granting in part and denying in part a motion to compel discovery, the Court has discretion to "apportion the reasonable expenses for the motion."   Fed. R. Civ. P. 37(a)(5)(C).   The Court finds that a reasonable apportionment of the expenses incurred in connection with the Motion to Compel and the Motion for Protective Order is for each party to bear its own costs.  *See* Fed. R. Civ. P. 26(c)(3) & 37(a)(5).

Accordingly, it is **ORDERED**:

1.     The Motion to Compel (**Doc. 19**) is **GRANTED in part** and **DENIED in part**.

a.     The Motion to Compel is **GRANTED** to the extent that **on or**

**before February 25, 2011**, Plaintiff shall produce her monthly statements for her land line and cellular telephone for the year 2010, but may redact from these statements any information that does not pertain to any telephone calls made between Plaintiff and any of Defendant's employees or investigator(s).

b.    The Motion to Compel is **DENIED** in all other respects.  The parties shall bear their respective expenses incurred in connection with the Motion to Compel.  *See* Fed. R. Civ. P. 37(a)(5)(C).

2.    The Motion for Protective Order (**Doc. 20**) is **GRANTED in part** and **DENIED in part**.

a.    The Motion for Protective Order is **GRANTED** to the extent that Plaintiff may redact from her monthly telephone statements any information that does not pertain to any telephone calls made between Plaintiff and any of Defendant's employees or investigator(s).

b.    The Motion for Protective Order is **DENIED** in all other respects. The parties shall bear their respective expenses.  *See* Fed. R. Civ. P. 26(c)(3) & 37(a)(5)(C).

3.    The proposed order (**Doc. 19-5**) attached to the Motion to Compel is hereby **STRICKEN** pursuant to Section II.E.4. of the Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

**DONE AND ORDERED** at Jacksonville, Florida, on January 26, 2011.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record